ALBERT A. PARENT, APPELLANT
*vs.*
MAINE STATE RETIREMENT SYSTEM

Kennebec.    Opinion, June 13, 1956.

*Philip Isaacson,*
*James G. Frost,* for State.

*Ernest L. Goodspeed, Jr.,* for petitioner.

SITTING: FELLOWS,. C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ., MURRAY, A. R. J. (CLARKE, J., did not sit.)

WEBBER, J.    This was an appeal from a decision of the Board of Trustees of the Maine State Retirement System denying service retirement benefits to appellant. The mat-

ter is before us on report on an agreed statement of facts, as follows:

## "AGREED STATEMENT OF FACTS

1.  That the Board of Finance of the City of Lewiston, Maine is the general financial officer of the said City.

2.  That the Controller is retained as a City employee by the Board of Finance.

3.  That the Controller is the Executive Officer of the Board of Finance.

4.  That the Controller is the Clerk of the Board of Finance.

5.  That on June 16, 1939 the Board of Finance retained Albert A. Parent to be the Controller.

6.  The City of Lewiston became a participating local district in the Employees' Retirement System of the State of Maine on July 1, 1951, in accordance with the provisions of Chapter 60, Revised Statutes, 1944, and such subsequent amendments as it has adopted, in whole or in part, and has continued to the present date to be a participating local district.

7.  On August 1, 1951, the petitioner, Albert A. Parent, then controller of the City of Lewiston, became a member of the Employees' Retirement System of the State of Maine in accordance with the provisions of Chapter 60, Revised Statutes, 1944, and such later amendments as adopted by the Lewiston Participating District; and at that time he was issued a prior service certificate giving him credit for 17 years, 7 months, and 25 days of service prior to that date, the correctness of which is in dispute, but not here made an issue.

8.  That on May 21, 1952, the said Board of Finance, pursuant to Article VIII, Section 10 of the Revised Charter of the City of Lewiston, suspended the said Albert A. Parent as a result of the

alleged embezzlement by the said Albert A. Parent of $8,876.76 from the said City of Lewiston. At that time Albert A. Parent was 61 years old.

9. That on July 28, 1952, the said Board of Finance notified the said Albert A. Parent that pursuant to said Article VIII, Section 10, a public hearing would be held on the 25th day of August, 1952, at which time he would be given the opportunity to show cause why he should not be removed from the office of Controller as the result of the embezzlement by him of $8,876.76 from the said City of Lewiston.

10. That on August 25, 1952, the said Albert A. Parent failed to appear at the said hearing and the said Albert A. Parent was adjudged guilty of embezzling from the said City of Lewiston the sum of $8,876.76 and as a result of such misconduct was discharged from the position of Controller and was notified to that effect. Up to this time he had been a contributing member of the Retirement System, having made his last contribution on May 16, 1952.

11. That at the June Term of the Superior Court held at Auburn within and for the County of Androscoggin in the year 1952 the said Albert A. Parent was indicted by the Grand Jury for the crime of embezzling funds from the City of Lewiston.

12. That on the 15th day of said Term the said Albert A. Parent was arraigned for said crime of Embezzlement and pleaded guilty thereto before the said Superior Court.

13. That upon said day the said Albert A. Parent was sentenced by the said Superior Court to serve a term of one and one-half to three years in the Maine State Prison.

14. On November 25, 1952, Mr. Parent filed an application with the Board of Trustees of the Employees' Retirement System of the State of Maine, in due form as required by Chapter 60, Revised

Statutes, 1944, and later amendments, for service retirement allowance. At that time he was above the retirement age of 60 years. (P. L., 1951 - Ch. 266).

No decision has ever been rendered by the Board of Trustees upon this application.

15. Upon inquiry by his attorney of the disposition of his application of November 25, 1952, the Board of Trustees of the Retirement System suggested in a letter dated January 19, 1954 to Ernest L. Goodspeed, Jr., attorney for Mr. Parent, that Mr. Parent file another application for service retirement benefits.

On *January 25, 1954*, Mr. Parent filed a new application in due form with the Board of Trustees of the Retirement System, as suggested.

16. By letter of the Secretary of the Retirement System dated September 17, 1954, Mr. Parent was notified that his application for retirement benefits dated November 25, 1952, had been denied by the Board of Trustees of the Retirement System on September 15, 1954.

This information was in error in that it was the application dated January 25, 1954, which had been denied. This is evidenced by the certified copy of the application dated January 25, 1954, filed herewith together with the letter of enclosure relating it to the decision of the Board of Trustees of September 15, 1954.

17. Subsequent to this decision of the Board of Trustees of September 15, 1954, Mr. Parent in due time noted an appeal from the decision to the February Term, 1955, of the Superior Court in and for the County of Kennebec, and perfected said appeal in the manner and form provided by law.

18. Up to and including the time of the decision of September 15, 1954, there was no listing of rules and regulations to assist the Board of Trustees in the administration of the Retirement System, however, all of the decisions which the Board

of Trustees arrives at, under the provisions of the law, are a matter of record and it is upon the basis of such record that it has proceeded over the years.

19.   The said Board of Finance is the Pension Board of the City of Lewiston and as such administers the said Employees' Retirement System for the Lewiston Participating District.

20.   (Here follows action of the Board of Finance, not in issue)

21.   That at a meeting of the Board of Mayor and Aldermen for the City of Lewiston held on November 18, 1954, the following Vote was passed:

> ORDERED, That as recommended by the Board of Finance, this Board of Mayor and Aldermen hereby adopt the following amendments to the Maine State Retirement law enacted by the 1951-1953 Legislature for the benefit of all City employees currently employed and covered by the Maine State Retirement law and those who shall become eligible in the future, and that this recommendation be submitted to the Corporation Counsel for approval before submitting to the Board of Mayor and Aldermen.

(Here follows specific reference to the several pertinent enactments, including P. L., 1953, Chap. 347)"

Although counsel for the intervenor City of Lewiston advances several persuasive arguments in support of the action of the Board, it will be necessary to consider only one in order to dispose effectively of this appeal. It will be seen at once that appellant, having been discharged for good cause, could not possibly qualify as "in service" at the time of his attempted retirement, as required by the law as it stood prior to the enactment of P. L., 1953, Chap. 347. The pertinent portion of that amendment reads as follows:

**"Sec. 1.   R. S., c. 60, § 6, Subsec. 1, Par. A, Amended.**   Paragraph A of subsection I of section

6 of chapter 60 of the revised statutes, as enacted by section 3 of chapter 384 of the public laws of 1947, as amended, and as renumbered by section 90 of chapter 266 of the public laws of 1951, is hereby further amended to read as follows:

'A. Any member in service may retire on a service retirement allowance upon written application to the board of trustees setting forth at what time he desires to be retired, provided that such member at the time so specified for his retirement shall have attained age 60 and notwithstanding that during such period of notification he may have separated from service.' "

It is inherent in the system that employees of cities may benefit from the plan only if the employing city has voted to participate. Such participation may be limited by action of the city. R. S., 1954, Chap. 64, Sec. 17, Subsec. I, provides in part: "The employees of any * * * city * * * may participate in the retirement system, to the full extent of any and all benefits provided for in this chapter provided the * * * city council or corresponding body of a city * * * approve such participation and file with the board of trustees a duly certified copy of the resolution of the * * * city council or such corresponding body approving such participation and the extent of the benefits which shall apply * * *." In like manner, the Legislature has provided that certain important substantive changes are not binding on participating local districts unless adopted by them. R. S., 1954, Chap. 64, Sec. 17, Subsec. VIII, provides: "Any amendments to this chapter enacted in the years 1953-1954 by the 96th legislature, the benefits of which could apply to employees of participating local districts, shall be made effective only in the event any such district elects to adopt such benefits and agrees to pay into the system the required costs as developed by the actuary." Pursuant to this provision, the City of Lewiston, as shown by the agreed statement, qualified its adoption of the amendments, including

P. L., 1953, Chap. 347, in such a way as to limit their effect to "all City employees currently employed and covered by the Maine State Retirement law and those who shall become eligible in the future." The appellant, being neither "in service" at the time of his application nor "currently employed" when Lewiston took its adoptive action, did not qualify for retirement benefits and his application was properly refused.

In view of the foregoing which is decisive of the rights of this appellant, we deem it unnecessary to determine here whether an applicant for benefits is or is not disqualified by discharge for the commission of a felony in the course of his public employment and in violation of the oath of his office. The appellant is of course entitled to the return of any amount contributed by him, with interest as provided by R. S., 1954, Chap. 64, Sec. 10. The entry will be,

*Application for benefits denied.*